**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIANA ARELLANO-CRUZ, AKA Adriana Cruz,<br><br>              Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No. 18-70091<br><br>Agency No. A075-129-692<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2023[**]
Phoenix, Arizona

Before:  NGUYEN, COLLINS, and LEE, Circuit Judges.

Petitioner Adriana Arellano-Cruz, a citizen of Mexico, petitions this court

for review of a decision of the Board of Immigration Appeals ("BIA") affirming

the Immigration Judge's denial of her application for discretionary cancellation-of-

removal relief under § 240A(b)(1) of the Immigration and Nationality Act

("INA"), 8 U.S.C. § 1229b(b)(1).  Because Arellano-Cruz's petition challenges

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

only the denial of her application for cancellation of removal under INA § 240A, our jurisdiction is limited to "review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also id.* § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1623–27 (2022).  We dismiss the petition for lack of jurisdiction.

In its ruling, the BIA upheld the Immigration Judge's factual finding that Arellano-Cruz had given false testimony under oath in immigration court for the purpose of obtaining immigration benefits.  Based on that finding, the BIA held that Arellano-Cruz cannot establish the "good moral character" that is required to establish eligibility for cancellation of removal under § 240A.  *See* 8 U.S.C. § 1229b(b)(1)(B) (stating that, to be eligible for cancellation of removal, the alien must, *inter alia*, have "been a person of good moral character" during the relevant time period); *see id.* § 1101(f)(6) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was[,] . . . one who has given false testimony for the purpose of obtaining any benefits under this chapter [*i.e.*, the INA].").

In her opening brief in this court, Arellano-Cruz does not identify any error in the BIA's decision that involves a "constitutional claim[]" or a "question[] of law."  8 U.S.C. § 1252(a)(2)(D).  She does not, for example, contend that, even if the agency correctly made a factual finding that she had lied under oath for

purposes of obtaining an immigration benefit, the BIA then applied the wrong legal standards in concluding that she was thereby ineligible for cancellation of removal. Instead, Arellano-Cruz's brief asserts only that the agency incorrectly weighed the evidence in making the factual finding that she had given "false testimony for the purpose of obtaining" immigration benefits. *Id*. § 1101(f)(6). Under *Patel*, we "lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 [INA § 245] and the other provisions enumerated in § 1252(a)(2)(B)(i) [INA § 242(a)(2)(B)(i)]." 142 S. Ct. at 1627. The "other provisions enumerated in § 1252(a)(2)(B)(i)," *id*., include "section . . .1229b," *i.e.*, INA § 240A. Because Petitioner challenges only the BIA's factual finding that she provided false testimony with the subjective intention of obtaining an immigration benefit, her challenge therefore falls outside of this court's subject matter jurisdiction. Accordingly, we dismiss Arellano-Cruz's petition for review.

**PETITION DISMISSED FOR LACK OF JURISDICTION.**